COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-512-CR
    
  
JOHN 
BYRON SINGLETON                                                      APPELLANT
   
V.
    
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
John Byron Singleton appeals from his conviction of capital murder.  In his 
sole point on appeal, Appellant complains that the trial court erred in refusing 
to give the jury a limiting instruction on extraneous offense testimony admitted 
during the trial.  We affirm.
Background
        Only 
a brief recitation of the facts is necessary.  Appellant was charged with 
killing Charles Crawford while attempting to rob him.  Crawford drove to 
the apartment complex where Appellant lived.  When Crawford arrived, 
Appellant got into Crawford’s car and directed him to the area where the drug 
exchange would take place.  When Crawford got out of the car, Appellant 
shot and killed him while attempting to rob him.  Given that the two had 
only met earlier that day at a doctor’s office, and that their next planned 
meeting at the apartment complex involved the buying and selling of prescription 
drugs, the testimony regarding their relationship and the context of the crime 
was elicited at trial.
Sole Point
        In 
one point, Appellant contends the trial court erred in denying his request for a 
limiting instruction on extraneous offense testimony admitted during the 
trial.  Specifically, Appellant complains about testimony concerning the 
buying and selling of prescription drugs.  Generally, evidence of other 
crimes, wrongs, or bad acts is not admissible during the guilt/innocence phase 
of the trial.  Tex. R. Evid. 
404(b).  However, evidence of extraneous acts is admissible when it 
constitutes “same transaction contextual evidence.”  Camacho v. 
State, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993).  The purpose for 
admission is not to show character conformity, but to help the jury better 
understand the nature of the alleged crime.  Id.  The jury has 
the right to hear evidence concerning events immediately prior to the offense so 
that it may realistically evaluate the evidence.  Wesbrook v. State, 
29 S.W.3d 103, 115 (Tex. Crim. App. 2000).  In addition, same transaction 
contextual extraneous offense evidence is admitted because in narrating one 
offense that is intermixed with another offense, it is impracticable to avoid 
describing the other offense.  Mayes v. State, 816 S.W.2d 79, 86-87 
n.4 (Tex. Crim. App. 1991); Lamb v. State, No. 01-03-00587-CR, 2004 WL 
1472114, at *2 (Tex. App.—Houston [1st Dist.] July 1, 2004, pet. filed) (not 
designated for publication).  In other words, if narration of the primary 
offense would make little or no sense without bringing in the other offense, 
then evidence of the other offense should be admitted.  Jones v. State, 
962 S.W.2d 158, 165 (Tex. App.—Fort Worth 1998, no pet.).  Thus, same 
transaction contextual offense evidence illuminates the nature of the crime 
alleged by imparting to the trier of fact information essential to understanding 
the context and circumstances of the event.  Camacho, 864 S.W.2d at 
532.
        In 
the present case, Appellant was charged with killing Crawford while attempting 
to rob him.  The State questioned Officer Stacy James on direct examination 
about how Appellant and Crawford met.  His testimony included information 
regarding Appellant’s buying and selling prescription drugs.  Defense 
counsel objected to the testimony and was overruled.  He then requested a 
limiting instruction, which was denied.
        The 
Texas Court of Criminal Appeals has held that same transaction contextual 
evidence is admissible without a limiting instruction.  Castaldo v. 
State, 78 S.W.3d 345, 352 (Tex. Crim. App. 2002); Wesbrook, 29 S.W.3d 
at 114-15; Camacho, 864 S.W.2d at 532, 535.  Given that Appellant 
and Crawford had just met earlier that day at a doctor’s office, and that 
their next planned meeting at the apartment complex involved the buying and 
selling of prescription drugs, the objected-to testimony was relevant to the 
context in which the crime occurred, and the trial court was not required to 
give a limiting instruction.  See Castaldo, 78 S.W.3d at 352; Wesbrook, 
29 S.W.3d at 114-15; Camacho, 864 S.W.2d at 532, 535 (holding that a 
limiting instruction is not required when extraneous offense is part of 
transaction that includes offense on trial).  Any extraneous offense 
testimony by Officer James regarding the buying and selling of prescription 
drugs was contextual to the murder of Crawford.  See Camacho, 864 
S.W.2d at 532.  Therefore, we hold the trial court did not err in denying 
Appellant’s request for a limiting instruction.
Conclusion
        We 
overrule Appellant’s sole point and affirm the trial court’s judgment.
   
 
                                                                  PER 
CURIAM
  
  
  
PANEL 
F:   HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
October 28, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.